# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § Criminal No. 18-CR-713-2 |
| JONATHAN GULDE, | § |
| | § |
| Defendant. | § |
| | § |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR EARLY TERMINATION OF PROBATION

The United States files this Response in Opposition to Defendant Jonathan Gulde's second Motion for Early Termination of Probation. Doc. No. 142. Defendant was charged by indictment with one count of Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846, and four counts of Unlawful Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841. Doc. No. 1. The charges arose from his conduct aiding his mother, Dr. Janis Fowler-Gulde, at her medical clinic. *Id.* Defendant pleaded guilty to Count 5, Unlawful Distribution of a Controlled Substance on November 12, 2019. Doc. No. 116. After considering the factors in § 3553(a), the Court sentenced Defendant to three years of probation and a $10,000 fine on November 30, 2021. Defendant's sentence was within the United States Sentencing Guidelines Range. After completing just under fourteen months of his thirty-six-month probationary sentence, Defendant first moved for early termination over the United States' objection. Doc. No. 137. The Court denied Defendant's motion. Doc. No. 141. Now, after completing just under 20 months, Defendant has again moved for early termination. The United States objects and asks that the Court require Defendant to complete his sentence, as ordered by the Court.

Early termination would not "reflect the seriousness of the offense, [] promote respect for the law; [or] . . . afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2).  "A district court may grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant."  *United States v. Jones*, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) (quoting *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir.2011).  Defendant's offense was a serious one—he assisted in the unlawful prescribing of oxycodone, a powerful and addictive Schedule II controlled substance.  Defendant's probationary sentence is already a lenient one; additional reduction is unnecessary.  "[E]arly termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."  *Id.*  No such changed circumstances exist.  And other than the passage of approximately six months, the circumstances have not changed since the Court last considered Defendant's sentence and a request for early termination.  *See* Doc. No. 141 ("The Court, after considering the motion, response and applicable law, is of the opinion that this motion should be denied.").

The United States respectfully requests that the Court DENY Defendant's second Motion and require him to complete the approximately 45% remaining of his non-custodial sentence.

    Respectfully submitted,

    ALMADAR S. HAMDANI
    UNITED STATES ATTORNEY


    By: /s/ Devon Helfmeyer
       Devon Helfmeyer
       Trial Attorney
       United States Department of Justice
       Criminal Division, Fraud Section
       1000 Louisiana Street, Suite 2300

Houston, Texas 77002  
713-567-9513  
Devon.Helfmeyer@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served by CM/ECF on July 19, 2023, and provided to the U.S. Probation Office by e-mail.

*/s/ Devon Helfmeyer*  
Devon Helfmeyer